EtICHAkdson, Oh. J.,
delivered the opinion of the court:
The claimant brings this action to recover back taxes alleged to have been illegally assessed and collected without warrant of law under the direct-tax laws (acts of August 5,1861, ch. 45; of June 7, 1862, ch. 98; of January 6, 1863, ch. 21; 12 Stat. L., 292, 422, 640; and resolution of February 25, 1867, No. 28, 14 Stat. L., 568; Harrison’s Case, 20 C. Cls. R., 176).
The case does not differ materially, except in one particular, from that of Seabrooh, just decided, to our opinion in which we refer for a full exposition of our views on the main questions.
In the present case, however, there were two tracts or parcels of land owned by the claimant, each one of which was of more value than the tax on both, and at the sale was bid in by the United States for more than sufficient to pay the tax, penalty, interest, and cost upon both of them.
It is insisted on the part of the claimant that the commissioners were authorized to sell only so much of the claimant’s property as might be necessary to satisfy taxes due thereon (Act of August 5, 1861, §36, 12 Stat. L., 292), and that to sell both parcels, when one was sufficient for that purpose, was an irregularity which rendered the collection of the whole illegal and without warrant of law. We do not think so.
It will be seen that the Act of June 7,1862, chapter 98, section 1 (12 Stat. L., 422), charged each and every parcel of land-with a distinct and separate tax, and made the same liable to sale for its payment entirely independent of other lands of the same owner.
The commissioners were not obliged to search the records and ascertain exactly what were all the different parcels of lands owned by any one person, and then to sell only one of many of these in order to pay the tax on all. That would *46 have been wholly impracticable. In many cases the real owners’ names were not correctly given when the tax was laid, and in others the title might have changed hands between the time of the assessment and the time of sale. The tax was upon each lot of land, and, for the purpose of sale, the commissioners had a right to proceed against each one separately, and they acted properly in doing so.
One of said lots of land, “The Lawton Place,” was valued at $7,200, and, in proportion to the whole valuation of the State, $30,833,322.10^-, the proportion of the $20,000,000 tax apportioned to the State of South Carolina, assessed thereon by the statutes, was $84.24, which, with the penalty, interest to time .of sale, and costs, made $165.87. But the commissioners sold the same to the United States for $3,000 to pay a tax of $144 and the penalty, interest, and costs. The claimant subsequently redeemed the same and was compelled to pay the sum of $600.47, including the interest from the date of sale to the time of redemption. A mathematical computation shows that he should have paid only $326.91, and that there was illegally collected of him without warrant of law the sum of $273.91.
The “Hill Place” was valued at $4,400, and in proportion to the whole valuation of the State, the proportion of the tax apportioned to the State, assessed thereon by statute, was $51.48, which with the penalty and interest to the time of sale and the costs amounted to $91.39. The commissioners erroneously assessed the tax at $88, and sold the land to the United States at auction for $1,100 to pay the same, with penalty, interest, and cost, amounting to $170.50. The United States have paid to the claimant upon a judgment of this court, affirmed by the Supreme Court (18 O. Ols. B., 596, and 110 U. S. B., 147), said surplus over said sum of $170.50, which was retained. A mathematical calculation shows that there was illegally collected of the claimant without warrant of law the sum of $79.11 under the direct-tax acts.
On the whole case the claimant is entitled to the refund of the overcharge on the Lawton Place $273.56, and on the Hill Place $79.11, as for money collected without warrant of law, according to the provision of Bevised Statutes, section 3689, page 724, which makes a permanent appropriation for “Be- *47 funding taxes illegally collected under the direct-tax laws: To refund to persons money collected from them without warrant of law, as in payment of dues under the direct-tax laws.”
Judgment will be entered in his favor for $352.66.